# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 27, 2019

Lyle W. Cayce
Clerk

No. 18-40470
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD LEON CASTILLO,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-1376-6

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Richard Leon Castillo appeals his conviction and 16-month, above-guidelines sentence for making a materially false, fictitious, or fraudulent statement or representation. *See* 18 U.S.C. § 1001(a)(2). He argues that the district court erred by denying his pretrial motions to suppress and to sever, by improperly questioning a witness at trial, and by imposing a substantively unreasonable sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40470

In reviewing the district court's refusal to suppress a report obtained from Castillo's employment file, we review the district court's findings of fact for clear error and its legal conclusions de novo. *See United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005). "In the context of suppression of evidence, the test for harmless error is whether the trier of fact would have found the defendant guilty beyond a reasonable doubt if the evidence had been suppressed." *United States v. Willingham*, 310 F.3d 367, 372 (5th Cir. 2002) (internal quotation marks, citation, and brackets omitted). Even if the district court erred by denying his suppression motion, any error was harmless given that the report was not introduced at trial and Castillo was convicted based upon other evidence. *See id.*

We review the denial of Castillo's motion to sever for an abuse of discretion. *See United States v. Sudeen*, 434 F.3d 384, 387 (5th Cir. 2005). Although Castillo asserts that he could have introduced unspecified evidence of his good character had he been tried separately, he fails to make a specific, compelling showing of prejudice and has thus failed to show that the district court abused its discretion. *See id.*

We likewise review for an abuse of discretion whether the district court improperly questioned Government witness Hugo Alejandro De Hoyos regarding the number of cocaine bundles that he received and repackaged. *See United States v. Zepeda-Santana*, 569 F.2d 1386, 1389 (5th Cir. 1978). Federal Rule of Evidence 614 explicitly allows a district court to "examine a witness regardless of who calls the witness." FED. R. EVID. 614(b). "[T]he trial court may question witnesses and elicit facts not yet adduced or clarify those previously presented. . . . [Its] questions must be for the purpose of aiding the jury in understanding the testimony." *United States v. Saenz*, 134 F.3d 697, 701-02 (5th Cir. 1998) (internal quotation marks and citations omitted). We

must review the entire trial record and "determine whether the judge's behavior was so prejudicial that it denied the defendant a fair, as opposed to a perfect, trial." *Id.* at 702 (internal quotation marks, citations, and brackets omitted). We are satisfied that the district court's questions properly clarified De Hoyos's prior testimony. *See id.* at 701-02. Moreover, Castillo fails to show that the district court's questioning prejudiced him given the other testimonial and videotape evidence of his guilt adduced at trial. *See id.* at 702.

Finally, we review the substantive reasonableness of Castillo's above-guidelines sentence for an abuse of discretion, owing great deference to the district court's findings and conclusions. *See United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010). Although Castillo insists that the district court incorrectly weighed the 18 U.S.C. § 3553(a) factors, his mere disagreement with the district court's balancing of those factors is insufficient to warrant reversal. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

AFFIRMED.